Rogers, J.,
gave the following charge to the jury:
Gentlemen of the Jury:
The Court will now instruct you with regard to the law to be applied by you in the determination of the issues in this ease. The ultimate and main question of fact for your determination is this:
Is or is not the paper writing purporting to be the will and codicil of Hattie E. Singer, deceased, her last will and testament? And included within the foregoing question and upon which the solution of the main question of fact depends is this question, namely: Was or was not Hattie E. Singer at the time she executed the paper writing purporting to be her will and codicil of sound mind and memory.?
The statute of this state declares in substance, among other things, that a person of sound mind and memory may give and bequeath his or her property by last will and testament, legally executed. If, therefore, you determine, under the instructions of the Court and from the evidence adduced, that Hattie E. Singer, at the time she executed the instrument in question was of sound mind and memory, it will he your duty to return a verdict that the paper writing purporting to .be her will and codicil is her last will and testament. On the other hand, if you determine that at such time she did not possess' a sound mind and memory within the meaning of the law and under the evidence adduced, it will be your duty to return a verdict that the said paper writing was not her last will and testament and codicil thereto.
*163 The statute of this state also declares, in substance, that on the trial of the issue as to whether the will is or is not the will of the testator, the order of probate shall be prima facie evidence of the validity of the will. Hence, upon the introduction, by the contestees, in evidence of the order of probate made by the probate court of this county, of the paper writing marked “Exhibit A.,” that fact is prima facie evidence that the alleged will and codicil are valid, and raises the presumption that the will and codicil so probated is the valid last will and testament of Hattie E. Singer; and the burden of proof rests upon the contestants, that is, the parties attacking the validity of the will and codicil, and the duty devolves upon them to prove to you by a preponderance of the evidence, that is, by the greater weight of the evidence, that the alleged will and codicil so probated are not the last will and testament and codicil of the decedent. And in this connection the court instructs you that before you will be warranted in returning a verdict setting aside the alleged will and codicil, you must be able to find on the question submitted to you, that the evidence adduced by the contestants outweighs both the evidence adduced by the contestees, and the presumption arising from the order of the probate court admitting the said will and codicil to probate as the valid last will and testament of the decedent. However, if on said question, the evidence adduced by the contestants outweighs both the evidence addrieed by the contestees and the presumption arising from said order of probate, it wall be your duty to return a verdict setting aside said alleged will and codicil.
Relative to the question of the decedent’s testamentary capacity, the court instructs you, as hertofore indicated, that in order to render the will and codicil valid, Hattie E. Singer must have been, at the time she signed the alleged will and codicil, of sound mind and memory. To be of sound mind and memory, as understood in law, it was sufficient if Hattie E. Singer, at the time understood the nature of the business in which she was then engaged, comprehended generally the nature and extent of her property, was able to hold in her mind the names and identity of those > who have natural claims upon her bounty, and was *164 able to appreciate her relations to the members of her family. The law does not undertake to test by any specific method a person’s intelligence, and to define the exact quality of mind and memory which a person must possess in order to make a valid will, and his or her mental capacity is not to be measured by any exclusive test of capacity to do any other particular act or business; but her mental capacity with reference to other acts and business transactions shall be considered by you in determining the question before you.
To be incapacitated to make a will, it is not necessary that the testatrix be shown to have been technically insane. Weakness of intellect or loss of memory, whether occasioned by disease or bodily suffering or infirmity, or all or some of those combined, may render the testatrix incapable of making a will, providing such weakness of intelect, or loss of memory, really and in fact disqualified her from knowing and appreciating the effect and consequences of her act and of fairly considering and weighing the just deserts of all the natural objects of her bounty.
Weakness of mind and memory will not disqualify her from disposing of her property by will, unless such weakness goes to the extent of rendering her incapable of understanding the nature of the business in which she was then engaged, or of comprehending generally the nature and extent of her property, or of recalling her relatives and others who might be the natural objects of her bounty, and keeping them in mind sufficiently to make a rational disposition of her property with respect to them.
It is claimed by the contestant that the testatrix, at the time of the execution of the will and codicil in question, was afflicted with insane delusions, especially with regard to her husband, in the way of unnatural and morbid aversion for him, mentally incapacitating her to make a valid will. This is refuted by the contestees. Whether any such insane delusions did or did not exist are matters for your determination from the evidence, and not for the court. However, the court instructs you, that if at the time the document in question was executed by the decedent the testatrix was laboring under any insane delm sions in regard to her husband and the reasonable and proper *165 disposition of her property to him, and she was influenced and controlled by such delusions in the making of the will and codicil, you will be justified in finding that she was not of sound mind and that her will and codicil are not valid. On the other hand, if her attitude toward him or any notions which she may have entertained, at the time of the execution of the instrument in question, with respect to her husband and his deserts and claims upon her bounty, and her making of the will and codicil in consequence, were not the result of any insane delusions or disordered mind, and she was otherwise mentally capable to make a will, you will not be warranted in setting the paper writing aside, as invalid, however erroneous or unjust her said notions of him may have been, although any erroneous or unjust notions of hers, if any, in this behalf may be considered by you as reflecting upon the question of her mental incapacity.
Applying the instructions and the evidence adduced to the question before you, did the decedent at the time she signed the will and codicil in question, and the same was attested by the witnesses, have sufficient capacity to make the alleged will and codicil? If you resolve this question in the affirmative, you will be justified in finding that the paper writing is the last will and testament of the decedent. On the other hand, if you resolve this question in the negative, it will be your duty to find that the paper writing is not the last will and testatment of the decedent.
A class of witnesses, both expert and lay, was introduced by the parties, who, besides testifying to facts in the case, were permitted to give their opinions reflecting upon the soundness or unsoundness of mind of the decedent, and her mental capacity to make a will. This is what is called “opinion evidence” as distinguished from evidence of facts, and is predicated upon facts which are the foundation for the opinions. Now the court instructs you that such opinion evidence does not tend to prove any facts upon which the opinions are based; and further it is incumbent upon the respective parties, calling the witnesses who have given their opinions, to establish by a preponderance of the evidence the facts which are the premises or bases for the *166 opinions and included in the questions put to such witnesses; for, if the premises or bases for the opinions given are ultimately rejected by the jury as untrue, the opinions based thereon must also be disregarded. But the failure which will justify such rejection must be a failure in some one or more important data, and not merely in a trifling respect. Further, while these opinions were given in order to-aid you in arriving at a proper conclusion, and it is your duty to apply them for that purpose, these opinions are not binding or conclusive upon you. Your obligation is not to substitute such opinions in place of your own judgments, but to make your own determination from all the facts and circumstances, including the opinions of the various witnesses, and reach your own conclusion based on all the evidence adduced and under the charge of the court, as to the validity or invalidity of the will and codicil in question.
Again, gentlemen, in determining the question as to whether the document in question is or is not the last will and codicil of Ilattie E. Singer, the mere fact, if it be a fact, that the will and codicil are not such as you would have made, or do not accord with your notions of how she should have disposed of her property, should not be permitted to influence your judgment; for, if the instrument in question is a will at all, it is the will of Hattie E. 'Singer, and you have no right to attempt in effect to make a will for her, if she was mentally capable of making the same. She had the right under the law, if she was of sound mind and memory, to dispose of her property by will, as she saw fit, subject of course to all her husband’s legal rights in her property'growing out of the marital relation, of which rights she could not deprive him without his consent. These rights comprise his right of dower or life estate in one-third of her real estate, and an absolute right to one-half of the first four hundred dollars and one-third of the residue in all her personal property after the payment of the debts and expenses of the decedent.
It is not your province merely because of some pre-eonceived notions of your own and not sustained by the evidence and the law, to defeat her will by setting her will and codicil aside. On *167 the other hand, if the testatrix was not of sound mind and memory at the time of the execution of the instrument in question, it will be your duty to declare it not to be her last will and codicil, and to set it aside. Again, the law will not permit the will to be broken merely by the consent of the devisees, or aüy one or more of them. If under the law and the evidence the instrument in question is her valid will and codicil, it is your duty to so declare, although some or all of the devisees might be indifferent about it, or even wish the will broken.
Gentlemen, you are the sole judges of the credibility of the witnesses and of the weight and effect to be given their testimony. You will judge of their credibility by their demeanor on the witness stand, their intelligence or lack of intelligence, the probability or improbability of the stories which they tell, the interest, if any, which the witnesses have in the controversy, their relations to the parties to the controversy, and all the other facts and circumstances, and you will give to the testimony of each witness such weight as in your judgment it deserves.
Two forms of verdict will be furnished you, one declaring that the paper writing in question is the last will and codicil thereto of Hattie E. Singer, and the other declaring that the paper writing in question is not the last will and codicil of Hattie E. Singer. When nine or more of your number have agreed upon a verdict, the nine or more so concurring will sign the same, and you will return with it into court.
You may retire.
The jury returned a verdict setting aside the will. Later, a motion to set aside the verdict and for a new trial was overruled.